NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-156

COMMONWEALTH

vs.

ERIC JOSEPH DICKERSON.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a bench trial in the Boston Municipal Court, the defendant, Eric Dickerson, was found guilty of assault and battery on a police officer in violation of G. L. c. 265, § 13D. Dickerson appeals, arguing that the evidence was insufficient to sustain his conviction.  For the reasons set forth below, we affirm.

Background.  We summarize the relevant facts in the light most favorable to the Commonwealth.  Commonwealth v. Latimore, 378 Mass. 671, 677 (1979).  On September 22, 2018, Boston firefighters approached Dickerson after receiving reports of a male suffering a seizure at the Massachusetts Bay Transportation Authority (MBTA) Chinatown station.  Dickerson and the firefighters were having a verbal argument and Dickerson refused to speak to anyone until the police arrived.  After MBTA police

officers arrived and identified themselves, they and the firefighters asked Dickerson whether he wanted medical treatment. Dickerson repeatedly explained to the officers that he was not suffering a seizure and was only sleeping. At this point, the officers chose to eject Dickerson from the station because he was yelling obscenities and acting disorderly. Dickerson refused to leave the station, assumed a fighting stance, threw a series of punches at one of the officers, spit on the same officer, and began striking him on the head. The officers subdued and handcuffed Dickerson, and, with the assistance of onsite firefighters, led him out of the station. During the removal, Dickerson was alleged to have struck one of the firefighters with his boot.

Dickerson was arrested and placed in the rear of the MBTA officers' vehicle. He was charged with assault and battery on a police officer, injuring a firefighter, and assault and battery by means of a dangerous weapon (shod foot). The second count, injuring a firefighter, was amended to assault and battery on a public employee. At trial, Dickerson testified that he did not recall anything after he entered the MBTA Chinatown station, as he "blacked out." Dickerson did not cite a specific medical condition to explain the blackout but did claim that he previously had suffered a concussion and had experienced two blackouts of shorter durations. Additionally, Dickerson

2

testified that this incident occurred after he had worked an eighteen-hour shift. Dickerson was convicted of assault and battery on a police officer and acquitted of the other charges.

Discussion. 1. Sufficiency of the evidence. Dickerson argues that the evidence presented at trial was insufficient to sustain the conviction of assault and battery on a police officer. He argues the Commonwealth failed to prove beyond a reasonable doubt that the defendant was criminally responsible. When reviewing a sufficiency of the evidence claim, we determine whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" (citation omitted). Latimore, 378 Mass. at 677. After a review of the record, we affirm the conviction because Dickerson never provided notice of his intention to raise an issue of his mental condition at the time of the incident, as required by Mass. R. Crim. P. 14 (b) (2), as appearing in 481 Mass. 1626 (2019), and failed to raise the affirmative defense of lack of criminal responsibility through evidence presented at trial.[1]

---

[1] Defendants in criminal case are required to provide the Commonwealth with notice if they intend to assert the affirmative defense of lack of criminal responsibility. Mass. R. Crim. P. 14 (b) (2). Here, Dickerson failed to provide the requisite written notice. Of the five pretrial motions Dickerson filed, none directly stated or indirectly alluded to the defendant's intent to assert a lack of criminal responsibility. Cf. Commonwealth v. Wright, 479 Mass. 124, 138

3

The Commonwealth is required to "prove criminal responsibility beyond a reasonable doubt only after there is evidence presented of lack of criminal responsibility that is sufficient to warrant a reasonable doubt." Commonwealth v. Lawson, 475 Mass. 806, 816-817 (2016), quoting Commonwealth v. Berry, 457 Mass. 602, 612 & n.5 (2010). A lack of criminal responsibility defense "may be raised properly by the admission of any evidence which, if believed, might create a reasonable doubt concerning the defendant's criminal responsibility at the time of the [crime]" (citation omitted). Commonwealth v. Mills, 400 Mass. 626, 627 (1987). "Although expert testimony is not required to raise the issue of insanity, something more than the defendant's own characterizations that he freaked out and lost control is required" (citation and quotations omitted). Commonwealth v. Seabrooks, 425 Mass. 507, 516 (1997).

Here, Dickerson did not provide the necessary threshold evidence at trial to indicate a lack of criminal responsibility. Indeed, Dickerson did not articulate or suggest a lack of criminal responsibility defense during the trial. Dickerson did not produce medical records or opinions by lay or expert

(2018) (defendant showed intent to raise lack of criminal responsibility by informing court before empanelment that he was "seeking a murder two conviction . . . based on diminished capacity" and "psychiatric testimony" would be introduced).

4

witnesses to verify either his claimed concussion or history of blackouts.  Contrast Commonwealth v. Rutkowski, 459 Mass. 794, 797 (2011) (defendant introduced evidence of long history of mental illness through psychiatric testimony and corresponding records); Commonwealth v. Mutina, 366 Mass. 810, 812-815 (1975) (defendant presented lay witness' observations of defendant's changed behavior and testimony by two psychiatrists).  The only evidence that tended to show Dickerson's lack of criminal responsibility was his own testimony that he had suffered a concussion at some unspecified time.  Dickerson did not, however, explain a connection between the concussion and claimed blackout.  See Commonwealth v. Santiago (No. 2), 485 Mass. 416, 427 (2020) (defendant failed to introduce any evidence connecting claimed head injury to behavior on day of incident).  Simply put, this testimony was not enough.  Although the defendant is not required to present expert testimony, the facts of this case do not provide sufficient evidence to indicate Dickerson lacked criminal responsibility.  Contrast Mills, 400 Mass. at 627 (defendant did not present expert witness but instead established lack of criminal responsibility by facts of case, including suicidal attitude and memory loss).

Finally, even assuming Dickerson presented sufficient evidence to raise such a defense, the Commonwealth's evidence, when viewed in its totality and in a light most favorable to it,

5

sufficiently established criminal responsibility.  Both officers testified that Dickerson spoke to them, and that Dickerson made several statements that indicated his awareness of the circumstances and that he was speaking to public officials. When asked if he required medical assistance by onsite police officers and firefighters, Dickerson repeatedly responded that he was not suffering a seizure and was only sleeping. Dickerson's responses indicate he was oriented to time, place, and persons.  See Commonwealth v. Lunde, 390 Mass. 42, 47-48 (1983).

Judgment affirmed.

By the Court (Blake,
Englander & Walsh, JJ.[2]),

*Joseph F. Stanton*

Clerk

Entered:  March 31, 2023.

---

[2] The panelists are listed in order of seniority.